UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL R. HOLMES | CIVIL ACTION |
| VERSUS | NO. 19-12749 |
| GERALD A. TURLICH, JR., ET AL | SECTION "I" (4) |

### ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, come Defendants, Sheriff Gerald A. Turlich, Jr., Deputy Corbett Reddoch, Deputy Ryan Hebert, Deputy Holly Hardin, Deputy Christopher Lambert, and Deputy Paul Durnin, who, in response to the original Complaint and Supplemental Complaint filed herein by the Plaintiff, respectfully submit the following:

### FIRST DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

### SECOND DEFENSE

All of the acts and actions taken by the Defendants therein were reasonable under the circumstances and do not support a claim under a theory of vicarious liability or *respondeat superior*.

**THIRD DEFENSE**

That the Plaintiff, Michael R. Holmes, by virtue of his own actions and conduct, was guilty of negligence and/or contributory negligence and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

**FOURTH DEFENSE**

The Court is without jurisdiction in this matter inasmuch as the amount in controversy, exclusive of interest and costs, does not exceed the sum and value of $75,000.00.

**FIFTH DEFENSE**

The Court is without jurisdiction as to all claims asserted by the Plaintiff in this matter inasmuch as the Complaint fails to state a proper claim for relief under the Constitution of the United States or any United States statute.

**SIXTH DEFENSE**

All of the acts and actions taken by the Defendants herein were reasonable under the circumstances and were taken pursuant to valid and constitutional policies and in no way provide any basis for any claim under *Monell*.

**SEVENTH DEFENSE**

Defendants further submit that the claims of the Plaintiff are frivolous, groundless and unreasonable and, as such, the Defendants are entitled to an award against the Plaintiff for all attorney's fees and costs expended in this matter pursuant to 42 USC 1983.

**EIGHTH DEFENSE**

Defendants affirmatively plead qualified immunity and any other applicable immunities and/or limitations of liability as provided for in the Constitution and laws of the United States

and the Constitution and laws of the State of Louisiana, including but not limited to the discretionary immunity provided in La. R.S. 9:2798.1.

## NINTH DEFENSE

Any and all damages and/or injuries sustained or incurred by the Plaintiff were the fault of individuals and/or entities over whom the Defendants have no control.

## TENTH DEFENSE

Defendants aver that all actions taken by any Plaquemines Parish Sheriff's Deputy during the incident complained of herein were taken in good faith, with probable cause, without malice and under laws believed to be constitutional, thereby entitling the Defendants to the defense of qualified immunity.

## ELEVENTH DEFENSE

That the sole and proximate cause of any injuries and/or damages sustained by the Plaintiff during the incident complained of herein were the actions and/or inactions of the Plaintiff himself, which actions and/or inactions are affirmatively pled in bar of/reduction of any recovery herein.

## TWELFTH DEFENSE

And now, Defendants respond to the allegations of the Plaintiff's Complaint, paragraph by paragraph, as follows:

I.

The allegations contained in paragraph 1 of Plaintiff's original Complaint require no answer; however, in an abundance of caution, those allegations are denied.

II.

The allegations contained in paragraph 2 of Plaintiff's original Complaint are admitted.

III.

The allegations contained in paragraph 3 of Plaintiff's original Complaint require no answer; however, in an abundance of caution, those allegations are denied.

IV.

The allegations contained in paragraph 4 of Plaintiff's original Complaint are denied for lack of sufficient information upon which to justify a belief therein.

V.

The allegations contained in paragraph 5 of Plaintiff's original Complaint, as they pertain to the status of Defendant, Deputy Corbett Reddoch, are admitted; all other allegations are denied.

VI.

The allegations contained in paragraph 6 of Plaintiff's original Complaint, as they pertain to the status of Defendant, Deputy Ryan Hebert, are admitted; all other allegations are denied.

VII.

The allegations contained in paragraph 7 of Plaintiff's original Complaint, as they pertain to the status of Defendant, Deputy Holly Hardin, are admitted; all other allegations are denied.

VIII.

The allegations contained in paragraph 8 of Plaintiff's original Complaint, as they pertain to the status of Defendant, Deputy Christopher Lambert, are admitted; all other allegations are denied.

IX.

The allegations contained in paragraph 9 of Plaintiff's original Complaint, as they pertain to the status of Defendant, Deputy Paul Durnin, are admitted; all other allegations are denied.

X.

The allegations contained in paragraph 10 of Plaintiff's original Complaint, as they pertain to the status of Defendant, Gerald A. Turlich, Jr. as Sheriff of Plaquemines Parish, are admitted; all other allegations are denied.

XI.

The allegations contained in paragraph 11 of Plaintiff's original Complaint are denied, except to admit that on or about September 23, 2018, Plaintiff was arrested.

XII.

The allegations contained in paragraph 12 of Plaintiff's original Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XIII.

The allegations contained in paragraph 13 of Plaintiff's original Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XIV.

The allegations contained in paragraph 14 of Plaintiff's original Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XV.

The allegations contained in paragraph 15 of Plaintiff's original Complaint are denied.

XVI.

The allegations contained in paragraph 16 of Plaintiff's original Complaint are denied.

XVII.

The allegations contained in paragraph 17 of Plaintiff's original Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XVIII.

The allegations contained in paragraph 18 of Plaintiff's original Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XIX.

The allegations contained in paragraph 19 of Plaintiff's original Complaint are denied.

XX.

The allegations contained in paragraph 20 of Plaintiff's original Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XXI.

The allegations contained in paragraph 21 of Plaintiff's original Complaint are denied.

XXII.

The allegations contained in paragraph 22 of Plaintiff's original Complaint are denied.

XXIII.

The allegations contained in paragraph 23 of Plaintiff's original Complaint are denied.

XXIV.

The allegations contained in paragraph 24 of Plaintiff's original Complaint are denied.

XXV.

The allegations contained in paragraph 25 of Plaintiff's original Complaint are denied.

XXVI.

The allegations contained in paragraph 26 of Plaintiff's original Complaint are denied.

XXVII.

The allegations contained in paragraph 27 of Plaintiff's original Complaint are denied.

XXVIII.

The allegations contained in paragraph 28 of Plaintiff's original Complaint are denied.

XXIX.

The allegations contained in paragraph 29 of Plaintiff's original Complaint are denied.

XXX.

The allegations contained in paragraph 30 of Plaintiff's original Complaint are denied.

XXXI.

The allegations contained in paragraph 31 of Plaintiff's original Complaint are denied.

XXXII.

The allegations contained in paragraph 32 of Plaintiff's original Complaint are denied.

XXXIII.

The allegations contained in paragraph 33 of Plaintiff's original Complaint are denied.

XXXIV.

The allegations contained in paragraph 34 of Plaintiff's original Complaint are denied.

XXXV.

The allegations contained in paragraph 35 of Plaintiff's original Complaint are denied.

XXXVI.

The allegations contained in paragraph 36 of Plaintiff's original Complaint are denied.

XXXVII.

The allegations contained in paragraph 37 of Plaintiff's original Complaint are denied.

XXXVIII.

The allegations contained in paragraph 38 of Plaintiff's original Complaint are denied.

XXXIX.

The allegations contained in paragraph 39 of Plaintiff's original Complaint are denied.

XL.

The allegations contained in paragraph 40 of Plaintiff's original Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XLI.

The allegations contained in paragraph 41 of Plaintiff's original Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XLII.

The allegations contained in paragraph 42 of Plaintiff's original Complaint are denied.

XLIII.

The allegations contained in paragraph 43 of Plaintiff's original Complaint are denied.

XLIV.

The allegations contained in paragraph 44 of Plaintiff's original Complaint are denied.

XLV.

The allegations contained in paragraph 45 of Plaintiff's original Complaint are denied.

XLVI.

The allegations contained in paragraph 46 of Plaintiff's original Complaint are denied.

XLVII.

The allegations contained in paragraph 47 of Plaintiff's original Complaint are denied.

XLVIII.

The allegations contained in paragraph 48 of Plaintiff's original Complaint are denied.

XLIX.

The allegations contained in paragraph 49 of Plaintiff's original Complaint are denied, except to admit that during the incidents in question, the Defendants were acting within the course and scope of their employment.

L.

The allegations contained in paragraph 50 of Plaintiff's original Complaint are denied.

LI.

The allegations contained in paragraph 51 of Plaintiff's original Complaint are denied.

LII.

The allegations contained in paragraph 52 of Plaintiff's original Complaint are denied.

LIII.

The allegations contained in paragraph 53 of Plaintiff's original Complaint are denied.

LIV.

The allegations contained in paragraph 54 of Plaintiff's original Complaint are denied for lack of sufficient information upon which to justify a belief therein.

LV.

The allegations contained in paragraph 55 of Plaintiff's original Complaint require no answer; however, in an abundance of caution, those allegations are denied.

LVI.

The allegations contained in paragraph 1 of Plaintiff's Supplemental Complaint are admitted.

LVII.

The allegations contained in paragraph 2 of Plaintiff's Supplemental Complaint are admitted.

LVIII.

Defendants respectfully request trial by jury on all issues herein.

**WHEREFORE,** Defendants, Sheriff Gerald A. Turlich, Jr., Deputy Corbett Reddoch, Deputy Ryan Hebert, Deputy Holly Hardin, Deputy Christopher Lambert, and Deputy Paul Durnin, pray that this Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of Defendants, Sheriff Gerald A. Turlich, Jr., Deputy Corbett Reddoch, Deputy Ryan Hebert, Deputy Holly Hardin, Deputy Christopher Lambert, and Deputy Paul Durnin, and against the Plaintiff, Michael R. Holmes, dismissing the Plaintiff's Complaint, and at Plaintiff's costs.

Respectfully submitted,

**MARTINY & ASSOCIATES, LLC**
131 Airline Highway - Suite 201
Metairie, Louisiana 70001
Telephone:  (504) 834-7676
Facsimile:  (504) 834-5409
Email:  danny@martinylaw.com
            jeff@martinylaw.com

*/s/ Daniel R. Martiny*
**DANIEL R. MARTINY (LA Bar 9012)**
**JEFFREY D. MARTINY (LA Bar 35012)**
Attorneys for Defendants, Sheriff Gerald A. Turlich, Jr., Deputy Corbett Reddoch, Deputy Ryan Hebert, Deputy Holly Hardin, Deputy Christopher Lambert, and Deputy Paul Durnin

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of January, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein. I also certify that I have this day forwarded a copy of same to Michael R. Holmes, 505 Moncla Avenue, Belle Chasse, LA 70037.

*/s/ Daniel R. Martiny*
DANIEL R. MARTINY (9012)