## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MICHAEL R. HOLMES**                                                              **CIVIL ACTION**

**VERSUS**                                                                                          **No. 19-12749**

**CORBETT REDDOCH, ET AL.**                                           **SECTION I**

### ORDER & REASONS

Before the Court is plaintiff Michael Holmes' ("Holmes") motion[1] for an extension of the deadline to file expert reports. Defendants Corbett Reddoch, Ryan Herbert, H. Hardin, C. Lambert, Paul Durnin, and Gerald A. Turlich, Jr. (collectively, "defendants") oppose[2] the motion. The Court declines to extend the expert deadline for the following reasons.

### I.

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

---

[1] R. Doc. No. 24.
[2] R. Doc. No. 26.

Courts in the Fifth Circuit "consider four factors in assessing good cause: (1) the explanation for the failure to comply with the scheduling order, (2) the importance of the modification, (3) potential prejudice in allowing the modification, and (4) the availability of a continuance to cure such prejudice." *Loza v. Select Portfolio Servicing, Inc.*, No. 19-40687, 2020 WL 3494332, at *2 (5th Cir. June 26, 2020) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)); *see also Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997). Examining each of these four factors, on balance, the Court finds Holmes, who proceeds *pro se*, has not established good cause.[3]

Holmes offers two reasons for his failure to comply with the expert deadline established in the scheduling order.[4] First, he states that he: exchanged emails with defendants' counsel about adjusting the deadline;[5] "clearly understood, and it was clearly intended, that an extension was agreed upon";[6] and believed the agreement between the parties sufficed to reset the deadline. Even so, Rule 16(b)(4) plainly states that a schedule can be "modified only . . . with the judge's consent." Fed. R. Civ. P. 16(b)(4). Assuming arguendo that defense counsel agreed to an extension of the expert deadline, that assent cannot, by itself, modify the deadline.[7] Rule 16(b)(4) requires a motion. Fed. R. Civ. P. 16(b)(4). The scheduling order reiterates this

---

[3] The Court notes that Holmes is an attorney.
[4] *See* R. Doc. No. 10 (setting May 13, 2020 to be plaintiff's expert report and disclosure deadline)
[5] *See* R. Doc. No. 24-1, at 2.
[6] *Id.* at 3.
[7] For this reason, Holmes' discussion of how courts interpret ambiguous language in agreements is irrelevant.

requirement: "Deadlines, cut-off dates, or other limits fixed herein *may only be extended by the Court upon timely motion* filed in compliance with Local Rules and upon a showing of good cause."[8]  Given this clear statement, Holmes' belief that he did not need to file a motion is not reason enough for this first factor to slant in his favor.

Second, Holmes asserts that he failed to comply with the scheduling order's expert deadline because of health issues affecting his daily life.[9]  He alleges that some issues were caused by the ongoing COVID-19 pandemic, and others were "[d]ue to the actions of defendants."[10]  He names as ailments nightmares, chronic insomnia and "resulting narcolepsy experiences," fatigue, and depression, among others.[11]  Significantly, Holmes fails to identify any needed expert or advise the Court why such expert is needed.  While the Court is sympathetic, it does not justify Holmes' failure to comply with the clear instructions in the scheduling order.

As to the importance of the modification, Holmes argues that including experts is important for his case, and he states that if he is not permitted to introduce experts, he will be "disproportionately disadvantaged in present[ing] relevant evidence and testimony."[12]  This weighs in his favor.

As to potential prejudice if the scheduling modification is allowed, defendants contend that they would be prejudiced by an extension.  Defendants argue that

---

[8] R. Doc. No. 10, at 4 (emphasis added).
[9] R. Doc. No. 24-1, at 4.
[10] *Id.*
[11] *Id.*
[12] *Id.* at 5.

3

extending the expert deadline "at this late date with a rapidly approaching discovery deadline would be fundamentally unfair[,]" as they "would possibly have to retain experts to rebut the Plaintiff's experts."[13]  The Court agrees.  *See, e.g., HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549–50 (5th Cir. 2000) ("When the question for the trial court is a scheduling decision, such as whether a continuance should be granted, the judgment range is exceedingly wide, for, in handling its calendar and determining when matters should be considered, the district court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's.").  This factor weighs against extension.

Finally, as to the availability of a continuance, the pretrial and trial dates have already been continued.[14]  In the interest of judicial economy and efficiency, the Court declines to again extend deadlines in the case.

Three of the four factors weigh against plaintiff.  Therefore, on balance, the Court concludes that plaintiff lacks good cause.  Absent good cause, the Court will not consent to a modification of the scheduling order.

Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, August 24, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[13] R. Doc. No. 26, at 4.
[14] *See* R. Doc. No. 23.

4