UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL R. HOLMES**                                      CIVIL ACTION

**VERSUS**                                                 NO:    19-12749

**CORBETT REDDOCH, ET AL.**                                SECTION: "I" (4)

**ORDER**

Before the Court is Plaintiff's **Motion to Compel Responses to Discovery and For Attorney's Fees and Appropriate Sanctions (R. Doc. 36)** seeking an order compelling defendants, Corbett Reddoch, Paul Durnin, Holly Hardin, Christopher Lambert, Ryan Hebert, and Gerald A. Turlich, Jr. in his official capacity as Sheriff of Plaquemines Parish to provide full and adequate responses to discovery requests previously made pursuant to Federal Rule of Civil Procedure 37. The motion is opposed. R. Doc. 41. The motion was submitted under expedited consideration and heard September 7, 2020 on the briefs. R. Doc. 40.

**I.    Background**

On September 23, 2019, Plaintiff Michael R. Holmes, a retired attorney, filed the instant action *pro se* pursuant to 42 U.S.C. § 1983 for violations of his civil rights relating to an incident whereby he was allegedly assaulted, battered, falsely arrested and detained by Defendants Reddoch, Durnin, Hardin, Lambert, and Herbert, deputies of Plaquemines Parish Sheriff's Office. R. Doc. 1. Holmes also sued the Plaquemines Parish Sheriff Gerald A. Turlich, Jr. in his official capacity for failure to adequately and properly screen, hire, train, supervise, discipline, and punish the deputies as well as his decision to retain the deputies after the incident. *Id.*

The Defendants do not refute that Holmes was placed under arrest but contend the deputies' action were taken in good faith and with probable cause. R. Doc. 7.  Defendants maintain on September 23, 2018, several juveniles approached the deputies, and told them that a white male

subject was taking pictures of them at the Our Lady of Perpetual Help Fair. R. Doc. 14. After locating the subject, Defendant Deputy Reddoch attempted to question to the white male subject, which was later identified as Plaintiff Holmes. *Id.* During the questioning, Holmes allegedly became belligerent and aggressive refusing to provide the deputies with identification. *Id.* While attempting to escort Holmes away from the crowd, Holmes pulled away from the deputies escorting him, shouting that he will have their jobs taken from them. *Id.* The deputies performed a criminal history search of Holmes, which revealed that he had two outstanding warrants in Jefferson Parish. *Id.* As such, Holmes was arrested and transported from the scene. *Id.* Defendants strongly deny any allegations of excessive force along with threats of force. *Id.*

As to this instant motion, Plaintiff contends that Defendants' responses to his interrogatories and requests for production were woefully evasive and inadequate in all respects, failing particularly to properly identify persons and documents, failing to attach or produce documents, and failing to properly respond to claims of privilege. R. Doc. 38-1. To wit, Plaintiff contends that Defendant Turlich's responses were composed from his "personal knowledge", which is improper where the sheriff has been sued in his official capacity. *Id.*

Defendants, in opposition, contend that Plaintiff has failed to satisfy the meet and confer requirement of Rule 37, and, as such, the motion should be denied for that reason. R. Doc. 41. Defendants also recite examples of Plaintiff not being cooperative in discovery throughout the course of this litigation. *Id.*

**II.      Standard of Review**

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure ("Rule") 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.*

Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged. Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

**III.     Analysis**

    **A.  Rule 37.1 Conference and Certification Requirements**

In their opposition, Defendants contend that Plaintiff failed to actually meet-and-confer in good faith, as required by Rule 37. *See* R. Doc. 41. Plaintiff contends he scheduled a Rule 37 discovery conference to discuss the Defendants' failure to adequately respond to his discovery requests for July 14, 2020 at 3:00 p.m. R. Doc. 38-1, p. 2. Plaintiff maintains, after an unsuccessful telephone conversation, he met the Rule 37 requirements. *Id.*

The Scheduling Order in this case originally imposed a discovery deadline of June 26, 2020. R. Doc. 10. Plaintiff propounded the discovery requests on February 21, 2020. R. Doc. 38-1. Notwithstanding, the discovery deadline, the Plaintiff waited to hold a Rule 37 conference until July 14, 2020, after the discovery deadline had expired. While the Plaintiff contends a conference was held, the Court questions whether Plaintiff actually conferred in good faith to obtain the desired discovery without judicial intervention as Rule 37 mandates.

It is apparent to the Court that Defendants were willing to cooperate in discovery and even asked Plaintiff to make specific objections to specific requests so that they could better assess the alleged deficiencies and try to come to an agreement without court action. *See* R. Doc. 41-1. Notwithstanding, Plaintiff waited an additional twenty-eight days, until August 11, 2020, the day before the pretrial conference, to even attempt list his particular issues and provide them to Defendants for review. R. Doc. 38-2, p. 170.

Only after the August 12, 2020 Pretrial Conference, did the District Judge open the discovery period back up until September 8, 2020. At which point, it is abundantly clear to the Court that no attempts were made to come to an agreement concerning the purportedly deficient discovery before Plaintiff filed this instant motion on September 2, 2020.

4

In sum, not only did the only purported Rule 37 conference, which the Court uses loosely, occur outside the discovery period, but it is clear that attempts to resolve this matter without judicial intervention were lackluster. While the Plaintiff has been proceeding *pro se*, the Court finds it of import to note that he is a barred attorney in the State of Louisiana, and thus quite capable of understanding his obligations under the Federal Rules of Civil Procedure.

This Court has before found where a movant violates the spirit and purpose of Rule 37 denial of their motion was warranted for that reason alone. *Larkin v. U.S. Dep't of Navy*, No. CIV.A. 01-0527, 2002 WL 31427319, at *2 (Roby, M.J.) (E.D. La. Oct. 25, 2002) (denying motion to compel where the movant failed to detail how each response was inadequate and did not provide the opposing party a meaningful opportunity to respond). Notwithstanding, "in circumstances where the discovery may impact pending deadlines, the failure to certify has been sacrificed to achieve pragmatic ends such a 'judicial expediency.'" *J.M. Smith Corp. v. Ciolino Pharmacy Wholesale Distributors, LLC*, No. CV 10-1483, 2012 WL 13001456, at *2 (Roby, M.J.) (E.D. La. Dec. 28, 2012) (citing *Stewart v. Women in Community Service, Inc.*, 1998 WL 777997, at *1 (D. Nev. Oct. 7, 1998)).

In this situation, much like in *J.M. Smith Corp.*, the Court is of the opinion that the interests in pragmatism lean in favor of allowing the motion to be considered on the merits despite Plaintiff's non-compliance with Rule 37's requirements where the second discovery period has now lapsed without extension. As such, "[a]t this juncture, the Court finds it expedient to set aside the technical deficiency in [Holmes's] filing, and to swiftly and definitively dispose of the parties' discovery dispute." *J.M. Smith Corp*, 2012 WL 13001456, at *3.

### B. Merits of the Motion

The Court notes that Plaintiff's motion can be distilled to three main issues: (1) the failure to properly claim privilege, (2) the particulars sought with respect to Plaintiff's requests for a persons' and documents' identity, and (3) Sheriff Turlich's responses in which he makes reference to his personal knowledge, or lack thereof. Defendants failed to address the merits of Plaintiff's motion in their opposition only noting the procedural defects.

Turning first to Defendants' failure to produce a privilege log, Rule 26(b)(5) requires that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii).

Plaintiff requests, if a document is being withheld under the claim of privilege, that Defendants furnish a list identifying each document withheld; state the date of preparation of the document; identify the author or creator of the document; identify any sender or receipting of the document; identify persons, along with job titles, whom copies of the document has been furnished; the subject matter of each document; and the basis on which the asserted privilege is claimed. R. Doc. 38-2, p. 171.

Notwithstanding, Plaintiff, much like in the deficient Rule 37 conference, fails to direct the Court to any particular request, in which a claim of privilege is made. Courts in this circuit have held that a proper Rule 37(a) motion to compel "specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request; and must include a concise

discussion of the facts and authority that support the motion as to each discovery request in dispute." *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 594 (N.D. Tex. 2017); *McGinley v. Luv N' Care, Ltd.*, No. CV 17-0821, 2018 WL 9814589, at *7 (W.D. La. Sept. 10, 2018). Plaintiff's generalized grievance impairs the ability of the Court, as it did the Defendant's, to the assess the merits of the claim. As such, the Court denies Plaintiff's motion to the extent it seeks the Court compel supplemental responses to Defendants' claim of privilege.

At the same time, the Court noticed Defendants have generally claimed privilege in response to Turlich's Request for Production of Document No. 3. seeking "documents, materials and things related to any litigation, grievance, complaint, investigation, or disciplinary proceeding or action of any kind identified or described in your answers to interrogatories." R. Doc. 38-2, p. 165. In response, Defendant Turlich objects both on the grounds of privilege and relevance. *Id.* Here, the Court sustains Turlich's objections on the grounds of relevance where the request is not tailored to the facts of this case, namely—excessive use of force, and not proportional to the needs of the case.

Next, addressing Plaintiff's issue regarding the lack of identification of certain persons and documents, the Court notes for each person the Plaintiff seeks that the Defendants provide: their full legal name, other known names, last known physical address, last known mailing address, electronic mailing address, home telephone number, work telephone number, cell phone number, work position, last known employer or work affiliation. R. Doc. 138-2, p. 177. For each document, Plaintiff seeks the Defendants provide: the title, identifiers or document numbers, the date of creation, the author or creator, the type of document, the documents location, and identification of the document's custodian. *Id.* In addition, if the document is no longer in the Defendants' control, possession, or existence, and explanation of whether the document is missing or lost, has been

destroyed, has been transferred to others, or has been disposed of; an explanation of circumstances surrounding the disposition of the document; an explanation of the authorization of the disposition of the document; the identity of the person who authorized disposition of the document; and the date or approximate date of the disposition of the document. *Id.*

Again, the Plaintiff gives no specific reference to individual requests where this information would be necessary, or the lack of this information has in any way hindered his discovery process. *Samsung*, 325 F.R.D. at 594; *McGinley*, 2018 WL 9814589, at *7. Although a generalized complaint, not specific to a particular request as contemplated by Rule 37, the Court has reviewed the separate responses of the Defendants and finds the information given is responsive. *See Larkin*, 2002 WL 31427319, at *2.

For example, Interrogatory No. 2. seeks the identities of the Defendant Deputies spouses and former spouses. In response, the Defendants provide the names of their respective current and former spouses. Defendants fail to provide any other identification information such as the names and addresses of their spouses without objection. Defendants also do not address the general request for identification information in their brief to the Court. The Court fails to see how providing such intrusive identifying information such as the deputies' spouses cell phone numbers, who were not witnesses, benefits the advancement of Plaintiff's claim.

This Court has found no precedent for compelling such detailed identification information with the exception of collective and class actions seeking potential opt-in or putative plaintiffs. *See, e.g., Garcia v. TWC Admin., LLC*, No. SA:14-CV-985-DAE, 2015 WL 1737932, at *4 (W.D. Tex. Apr. 16, 2015) (still limiting discovery to last known addresses for purposes of notice finding extensive disclosure of identification information inappropriate based upon privacy concerns). As

such, the Court finds the request for detailed contact and identification information overbroad and not proportional to the needs of the case.

Finally, considering the Sheriff Turlich's responses in which he refers to his personal knowledge, Plaintiff contends this is improper where Turlich was sued in his official capacity as Sheriff of the Plaquemines Parish Sheriff's Office. R. Doc. 38-1, p. 2. Therefore, Plaintiff maintains that his discovery requests should be tailored to the information within the knowledge of the Sheriff's Office as a collective—its employees, agents, and attorneys. *Id.*

The Court notes that Turlich's discovery requests explicitly state that the responses should "include not only personal knowledge and pertinent information gathered by you or on your behalf, but also all information which may be obtained or ascertained through reasonable inquiry and investigation, including but not limited to information available to you, your employees, agents, servants, attorneys, or others. R. Doc. 38-2, p. 71-72. The Court further notes that Turlich responds from his personal knowledge in response to four different discovery requests: Interrogatory No. 5, Interrogatory No. 6, Interrogatory No. 11, and Interrogatory No. 12.

Interrogatory No. 5 seeks Defendant "[s]tate whether plaintiff was informed prior to being physically assaulted that he was being placed under arrest, and whether plaintiff was asked to submit to arrest, and, if so, what was said and by whom it was said." R. Doc. 38-3, p. 157. Defendant Turlich responded "[s]ince Defendant Turlich was not present for the arrest of Plaintiff, he has no personal knowledge on this issue." *Id.*

Interrogatory No. 6 seeks a description of "all physical contact or force used by the officers or employees of the Plaquemines Parish Sheriff's Office during plaintiff's arrest and detention and identify each person who participated and the nature of their participation in detail and with specificity." Turlich responded "[s]ince Defendant Turlich was not present for the arrest of

9

Plaintiff, he has no personal information as on this issue. Defendant Turlich would refer Plaintiff to the police reports, which are attached." *Id.*

In responding to discovery requests "a reasonable inquiry must be made" to find responsive information. *See Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014). Some courts have held sheriffs, sued in their official capacity, have an obligation to separately and fully answer discovery requests even when not "personally involved" with the alleged civil rights violation. *See Grief v. Nassau Cty.*, No. CV157240ADSAYS, 2017 WL 3588936, at *4 (E.D.N.Y. Aug. 18, 2017). Courts in this circuit have also permitted Federal Rule of Civil Procedure 30(b)(6) depositions of a constable to "avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and *thus to the organization itself*." *Morrow v. City of Tenaha Deputy City*, No. 2-08-CV-288-TJW, 2010 WL 2721400, at *2 (E.D. Tex. July 8, 2010) (emphasis in the original). From this proposition, the Court in *Morrow* held the nonamed County must appoint a representative who must testify on information reasonable available to the County as a collective. *Id.*

Here, the Court finds it important to note that the Plaintiff did not notice a Rule 30(b)(6) Deposition of Sheriff Turlich. Plaintiff propounded interrogatories, to which the Sheriff responded separately as required in *Heller*. *See Heller*, 303 F.R.D. at 485. This Court has found no case for the proposition that the Sheriff must conduct an investigation of an incident and adopted its own rendition of events to respond to an interrogatory where the police report has been tendered. The Sheriff provided Plaintiff information on the Sheriff's Office's policy and procedures, the police report from the incident, and the probable cause affidavit. The Sheriff stated there is no supplemental or investigative report. Any further information not contained within these reports,

10

which is the knowledge of the sheriff's office, would have been better sought from the named sheriff deputies who have personal knowledge of the incident or sought in the form of a 30(b)(6) deposition. The Court, therefore, finds that Sheriff Turlich's answers are responsive. As such, the Court denies Plaintiff's motion with respect to Interrogatory Nos. 5 and 6.

Interrogatory No. 11 seeks Defendant Turlich "[s]tate whether any defendant has ever been arrested or the subject of a criminal investigation, whether or not expunged, and if so, identify the agency by whom they were investigated or arrested, the dates thereof, and state in detail and with specificity the nature of the charges or allegations which formed the basis of each said arrest or investigation and the result thereof." R. Doc. 38-2, p. 160. Turlich responded "Defendant does not have any personal knowledge or information relative to these areas of inquiry. This Interrogatory would be better directed to the individual Defendants themselves." *Id.* In addition, the Court notes that the other individual Defendants were asked this same interrogatory. *See, e.g.*, R. Doc. 38-2, p. 91, 104, 118, 133, 146. Each individual defendant provided a direct answer without objection. *Id.*

Interrogatory No. 12 seeks information "whether any defendant has ever been involved in a fight, altercation, incident, arrest, or event which resulted in any injury or death to themselves or others, and if so, the dates of each occurrence thereof, the identities of all persons involved, the identity of any law enforcement or agency which investigated the fight, altercation, incident, arrest, or event, and any identifying numbers of reports of investigation, and state in detail and with specificity the facts and the results of the investigation." *Id.* Turlich responded "Defendant does not have any personal knowledge or information relative to these areas of inquiry. This Interrogatory would be better directed to the individual Defendants themselves." *Id.* In addition, the Court notes that the other individual Defendants were asked this same interrogatory. *See, e.g.*,

R. Doc. 38-2, p. 91, 104, 118, 133, 145. Each individual defendant provided a direct answer without objection. *Id.*

The Court, as an initial matter, notes that while the Sheriff neglected to provide a responsive answer, that the individual deputies provided responses. Still, as the Sherriff is a named defendant, he has an obligation to respond to discovery requests separately from the deputies.

Notwithstanding, upon review of these requests, the Court finds that the Plaintiff's Interrogatory Nos. 11 and 12 are neither substantively nor temporally limited in nature to the relevant applicable period in this case. Therefore, as written, the requests are overbroad. As such, the Court denies Plaintiff's motion with respect to Interrogatory Nos. 11 and 12.

As the Court finds that Rule 37 requirements were not adhered to, Plaintiff was dilatory in filing his motion to compel, and most of the Defendants' responses adequate, the Court does not find this motion appropriate for sanctions or an award of attorney's fees. *See Ladesma v. Walmart, Inc.*, No. CV 18-12143, 2020 WL 5311369, at *11 (Roby, M.J.) (E.D. La. Sept. 4, 2020). As such, the Court denies Plaintiff's motion to the extent it seeks the imposition of sanctions or an award of attorney's fees.

### IV. Conclusion

**IT IS ORDERED** that the Plaintiff's **Motion to Compel Responses to Discovery and For Attorney's Fees and Appropriate Sanctions (R. Doc. 36)** is **DENIED.**

New Orleans, Louisiana, this 25th day of September 2020.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**