UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL R. HOLMES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12749** |
| **CORBETT REDDOCH, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is a Federal Rule of Civil Procedure 59(e) motion[1] filed by plaintiff, Michael R. Holmes ("Holmes"), for reconsideration of the Court's order[2] denying Holmes' motion[3] to lift the stay in the above-captioned case. Defendants, Corbett Reddoch, Ryan Hebert, Holly Hardin, Chris Lambert, and Paul Durnin in their individual capacities, and Sheriff Gerald A. Turlich, Jr., in his official capacity as Sheriff of Plaquemines Parish (collectively, "defendants"), oppose the motion.[4] For the following reasons, the Court grants Holmes' motion.

### I. BACKGROUND

#### a. Factual Background

On December 6, 2018, Holmes was charged in Louisiana state court with resisting an officer in violation of La. Rev. Stat. § 14:108.[5] He pleaded not guilty. On September 24, 2019, the date scheduled for his trial, the charge against Holmes was dismissed. A minute entry from that date reads: "On motion of the State, this matter

---

[1] R. Doc. No. 119.
[2] R. Doc. No. 118.
[3] R. Doc. No. 116.
[4] R. Doc. No. 120.
[5] R. Doc. No. 116-1, at 2.

1

is dismissed. Completed informal diversionary program."[6] The Louisiana district court judge, assistant district attorney, and district court reporter were present at the time of the dismissal, per the minute entry; however, neither Holmes nor his counsel were present.[7] "Holmes disputes ever entering into such a diversionary program and . . . maintains that he never resisted arrest." *Holmes v. Reddoch*, No. 19-12749, 2021 WL 1063069, at *3 (E.D. La. Mar. 18, 2021), *vacated and remanded*, No. 21-30164 ("Federal Appeal"), 2021 WL 5913297 (5th Cir. Dec. 14, 2021).

Holmes brought this federal lawsuit pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fourth, and Fourteenth Amendment rights.[8] This Court found most of Holmes' claims to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and granted defendants summary judgment.[9] The United States Court of Appeals for the Fifth Circuit vacated and remanded, "[i]n light of [] state court developments" that arose during the pendency of Holmes' appeal to the Fifth Circuit:

> The Louisiana [district] court held that the charge against Holmes was not properly dismissed in open court and, since the charge was filed over three years ago, ruled that it should be quashed entirely. The court did not erase the minute entry, as it merely reflected "what the DA said in court." But the court did acknowledge there was no evidence that Holmes had completed any diversionary

---

[6] *Id.*
[7] *Id.* at 2–3.
[8] R. Doc. No. 1, at 10–11.
[9] This Court found "defendants were entitled to qualified immunity from the few federal claims that survived *Heck*. To the extent Holmes pled any state claims, they were dismissed without prejudice because the court declined to exercise supplemental jurisdiction over them." Federal Appeal, 2021 WL 5913297, at *1 n.1.

> program, and that it was unaware of any Louisiana criminal charge that had been resolved in a similar fashion.

Federal Appeal, 2021 WL 5913297, at *1.

The State of Louisiana appealed the state district court's ruling to the Louisiana Fourth Circuit Court of Appeal.[10] At a status conference held before this Court on February 10, 2022, the parties agreed that a stay of the federal court action was appropriate, "pending the resolution in Louisiana state court of the appeal of the Louisiana district court order quashing Holmes' criminal charge."[11] The minute entry from the status conference states that "[a]ny party may move to re-open [the] case by written motion within 30 days of the issuance of a final judgment in the state proceedings."[12]

On April 13, 2022, the Louisiana Fourth Circuit Court of Appeal affirmed the state district court's judgment granting Holmes' motion to quash.[13] On August 23, 2022—132 days after the issuance of the Louisiana Fourth Circuit Court of Appeal's final judgment—Holmes filed an unopposed motion to lift the stay in the above-captioned case.[14] The Court denied Holmes' motion for untimeliness.[15] Holmes filed the motion currently before the Court—a motion for reconsideration of the denial of

---

[10] See R. Doc. No. 116-1.
[11] R. Doc. No. 115.
[12] Id.
[13] R. Doc. No. 116-1, at 7.
[14] R. Doc. No. 116.
[15] R. Doc. No. 118.

3

his motion to lift the stay—on September 27, 2022.[16] The defendants oppose Holmes' motion for reconsideration.[17]

### b. Parties' Arguments

Holmes acknowledges that his motion to lift the stay was untimely, and that it did not argue good cause for the lateness of the filing.[18] Nonetheless, Holmes asserts that good cause exists for his lateness and that reconsideration is necessary to prevent manifest injustice.[19] First, Holmes asserts that his counsel reasonably believed that "[a] motion to lift the stay within 30 days could have been mooted and rendered premature by further appeal." Second, Holmes argues that this Court's order denying his motion to lift the stay in this case "works a manifest injustice upon Holmes in that his case will remain pending but remained stayed[,]" and that "[l]ifting the stay prejudices no party but serves the interest of justice by allowing the case to proceed to a resolution."[20]

In their opposition, the defendants raise three arguments why the Court should deny Holmes' motion. First, defendants argue that "[a] motion to reconsider must either point out clear error or bring something new to the table[,]" and it "does not merely serve as a mulligan for an unsuccessful litigant."[21] Second, defendants assert that Holmes' motion for reconsideration does not meet Rule 16(b)(4)'s standard

---

[16] R. Doc. Nos. 119 (motion for reconsideration) and 126 (reply memorandum).
[17] R. Doc. Nos. 120 (memorandum in opposition) and 123 (supplemental memorandum in opposition).
[18] R. Doc. No. 119-1, at 2.
[19] *Id.*
[20] *Id.* at 1–2, 3.
[21] R. Doc. No. 120, at 6.

for determining good cause for his violation of the Court's February 10, 2022 order, and that his "statement of alleged good cause makes no sense."[22] Third, and finally, the defendants argue that Holmes' motion violates Local Rule 7.4.[23]

## II.    STANDARD OF LAW

### a.    Federal Rule of Civil Procedure 54(b)

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently held that parties may challenge a judgement or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b). *Reyes v. Julia Place Condo. Homeowners Ass'n, Inc.*, No. 12-2043, 2016 WL 4272943, at *2 (E.D. La. Aug. 15, 2016) (Barbier, J.) (collecting cases). "Rules 59 and 60, however, apply only to final judgments." *Id.* (citing *S. Snow Mfg. Co., Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563-64 (E.D. La. 2013)). If a party seeks reconsideration of an order that adjudicates fewer than all the claims among all the parties prior to entry of final judgment, then Rule 54(b) controls. Specifically, Rule 54(b) provides that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a

---

[22] *Id.* at 8.
[23] *Id.* Local Rule 7.4 states that "[a]ll contested motions must be accompanied by separate memoranda which must contain a concise statement of reasons supporting the motion and citations of authorities." As Holmes' motion contains all the required components, the Court finds that Holmes' motion does not violate Local Rule 7.4.

>judgment adjudicating all the claims and all the parties' rights and liabilities.

Rule 54 recognizes that a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco*, 659 F.2d 551, 553 (5th Cir. 1981). Accordingly, under Rule 54(b) the court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

Comparing Rules 59(e) and 54(b), the former "sets a high threshold for parties to raise a new argument for the first time after judgment has already been entered" while the latter can be "more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 336–37 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)) (internal citations omitted). In short, reconsideration of an interlocutory order under Rule 54(b) is less stringent than reconsideration of judgments under Rule 59(e).[24] *Austin*, 864 F.3d at 336. Nonetheless, while "a less exacting standard applies, courts look to

---

[24] When ruling on Rule 59(e) motions, courts in this district consider: "(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) whether the movant presents new evidence; (3) whether the motion is necessary in order to prevent manifest injustice; and (4) whether the motion is justified by an intervening change in the controlling law." *United States v. Cytogel Pharma, LLC*, No. 16-13987, 2017 WL 3849317, at *2 (E.D. La. Mar. 28, 2017) (Vance, J.). Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010).

6

similar considerations as those it considers when evaluating Rule 59(e) motions."[25] *Edwards v. Take Fo' Records, Inc.*, No. 19-12130, 2020 WL 3832606, at *11 & n.12 (E.D. La. July 8, 2020) (Feldman, J.); *see also Pierce v. Kellogg Brown & Root, Inc.*, No. 15-6585, 2017 WL 2082947, at *1 (E.D. La. May 15, 2017) (Vance, J.).

### III.   ANALYSIS

#### a.   Reconsideration Pursuant to Rule 54(b)

This Court's order staying the above-captioned action was an interlocutory order adjudicating fewer than all the claims or the rights and liabilities of the parties. *See Louisiana State Conf. of Nat'l Ass'n for the Advancement of Colored People v. Louisiana*, No. 19-479, 2022 WL 2753069, at *5 (M.D. La. July 13, 2022) (ruling that a stay order "was like any other interlocutory order entered before a final judgment that could be 'revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities'") (quoting Fed. R. Civ. P. 54(b)); *cf. Kershaw v. Shalala*, 9 F.3d 11, 13 (5th Cir. 1993) (ruling that the Court of Appeals was "without jurisdiction to entertain [an] appeal because the [district court's stay] order [was] interlocutory and [was] not within a recognized exception."). The correct rule to apply to Holmes' motion for reconsideration is therefore Rule 54(b).

---

[25] It has been the general practice of courts in this district to analyze Rule 54(b) motions for reconsideration under the same framework as Rule 59(e) motions. *See, e.g., Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09–4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.); *Rosemond v. AIG Ins.*, No. 08–1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05–4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.). However, in light of the Fifth Circuit's opinion in *Austin v. Kroger Texas, L.P.*, the Court's analysis will not be limited to the four factors considered in Rule 59(e) motions, *supra* n.24.

Further, as the Fifth Circuit instructed in *Austin v. Kroger Texas, L.P.*, "the district court should construe the procedural rules with a preference toward resolving the case on the merits and avoiding any dismissal based on a technicality." 864 F.3d at 337. In *Austin*, the Fifth Circuit ruled that the district court abused its discretion when it erroneously applied the more stringent standard of Rule 59(e) to a motion for reconsideration of an interlocutory order. The correct, and "more flexible," rule to apply was Rule 54(b). *Id.* at 337. Accordingly, in the case presently before the Court, though Holmes seeks relief pursuant to Rule 59(e),[26] the appropriate rule to apply to Holmes' motion for reconsideration is Rule 54(b).

As noted, Holmes offers two grounds in support of his motion for reconsideration: first, that his late filing was due to his counsel's reasonable misunderstanding of the Court's scheduling order and belief that filing a motion to lift the stay prematurely could result in the motion being mooted by further appeal; and second, that the Court's order denying his motion to lift the stay in this case "works a manifest injustice upon Holmes in that his case will remain pending but remained stayed[,]" and that "[l]ifting the stay prejudices no party but serves the interest of justice by allowing the case to proceed to a resolution."[27]

---

[26] Defendants' opposition to Holmes' motion for reconsideration likewise relies upon Rule 59(e) to argue that granting reconsideration would be inappropriate. R. Doc. No. 120 at 4–6 ("A motion to reconsider must either point out clear error or bring something new to the table[,]" and "does not merely serve as a mulligan for an unsuccessful litigant"). Because the Court finds the applicable rule to be Rule 54(b), the Court will not address either Holmes' or the defendants' arguments pertaining to Rule 59(e).
[27] R. Doc. No. 119, at 1–2, 3.

8

Defendants argue that Holmes' alleged good cause "makes no sense."[28] They point out that the Louisiana Fourth Circuit Court of Appeal's final judgment was issued on April 13, 2022 and the 30-day timeframe to appeal that judgment to the Louisiana Supreme Court would have ended on May 13, 2022. Even an additional 30 days after May 13—if Holmes believed he had 30 days to move to reopen this case *after* the 30 days to appeal the circuit court's judgment—would be June 13, 2022. Holmes filed his motion to lift the stay in the above-captioned case on August 23, 2022. The defendants argue, and this Court agrees, that Holmes' proffered good cause is unconvincing.

Moreover, attorney mistake is generally not good cause for lateness or for extending deadlines. *See, e.g., Dunn v. Marquette Transportation Co., LLC*, No. 16-13545, 2018 WL 3997283, at *2 (E.D. La. Aug. 21, 2018) (Fallon, J.) ("Mistake or oversight by counsel does satisfy the 'good cause' requirement for extending a deadline for filing."); *Facille v. Madere & Sons Towing, Inc.*, No. 13-6470, 2014 WL 3099979, at *4 (E.D. La. July 7, 2014) (Brown, C.J.) ("[A] scheduling mistake in counsel's office . . . is not the type of satisfactory explanation for which relief may be granted.") (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990)).

---

[28] R. Doc. No. 120, at 8. Defendants also argue that the Rule 16(b)(4) test for good cause controls the analysis of whether Holmes had good cause for his lateness. As Rule 16 pertains to pretrial proceedings and scheduling orders, and Holmes' motion sought to lift the stay ordered at the status conference held on February 10, 2022, Rule 16 is inapplicable. *See S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) ("Rule 16(b) provides that a scheduling order shall not be modified except upon a showing of good cause and by leave of the district judge") (quotations omitted).

Nonetheless, other courts in this district have found the lack of good cause for lateness to be no bar to a court's inherent authority to "control the disposition of the causes on its docket" where concerns for fairness and judicial economy do not also weigh against granting reconsideration. *Facille*, 2014 WL 3099979, at *4 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). In *Facille*, counsel for the defendant admitted to a scheduling oversight, which he had not fully disclosed in his motion requesting a continuance of the trial date. *Id.* at *1, 5. Despite counsel's error—and obfuscation—the court found it appropriate to grant the defendant's motion for reconsideration and to grant a continuance. *Id.* at *5. In reaching this conclusion, the court noted that plaintiff did not object to a continuance, defense counsel had already "participated extensively in discovery," and a continuance would not unduly burden the court. *Id.*

Even if Holmes' counsel's mistake did not rise to the level of good cause, the Court's broad discretion to "reconsider and reverse its decision for any reason it deems sufficient" allows the Court "to afford such relief from interlocutory judgments as justice requires." *Austin*, 864 F.3d at 336–37. As Holmes argues regarding his second grounds for reconsideration, denying his motion for reconsideration would render his case a "zombie"—neither dismissed nor resolved, neither dead nor alive. This is a heavy price for Holmes to pay for the mistakes of his counsel.

In contrast, the defendants have not argued that they would be prejudiced if the Court were to grant Holmes' motion for reconsideration and lift the stay in this case. Indeed, Holmes' initial motion to lift the stay and reopen the case was

unopposed.[29] Additionally, the delay caused by Holmes' counsels' untimely filing had little impact on the disposition of the case as it was stayed and the proceedings paused. Granting Holmes' motion for reconsideration and lifting the stay, despite its untimeliness, does not unduly burden the defendants or the Court. Justice requires Holmes' lawsuit not remain in judicial purgatory indefinitely because of attorney error.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Holmes' motion for reconsideration is **GRANTED**.

**IT IS FURTHER ORDERED** that Holmes' motion to lift the stay in the above-captioned case is **GRANTED**.

**IT IS FURTHER ORDERED** that a telephone conference will be conducted by the Court's case manager at which time a new trial date, pretrial conference date, and schedule will be set.

New Orleans, Louisiana, November 4, 2022.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[29] *See generally* R. Doc. No. 116; *see also* R. Doc. No. 123-1, at 1 (email exchange between Holmes' counsel and defense counsel in which defense counsel tells Holmes' counsel to "go ahead & lift it").