UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---:|
| **MICHAEL R. HOLMES** | **CIVIL ACTION** |
| **VERSUS** | **No. 19-12749** |
| **CORBETT REDDOCH, ET AL.** | **SECTION I** |

## ORDER

Before the Court is plaintiff Michael R. Holmes' ("Holmes") motion[1] *in limine* to exclude evidence of his traffic violations and related arrest warrants, and to exclude testimony by unidentified children. Holmes has also objected[2] to prospective trial exhibits offered by defendants Corbett Reddoch ("Reddoch"), Ryan Hebert ("Hebert"), and Gerald A. Turlich (collectively, "defendants"). Defendants oppose[3] Holmes' motion *in limine*. For the reasons that follow, the Court will deny the motion in part and dismiss as moot in part, as set forth herein.

### I.  FACTUAL BACKGROUND

The Court previously set forth the relevant facts underlying the above-captioned action in its order granting summary judgment[4] in favor of the defendants

---

[1] R. Doc. No. 169.
[2] R. Doc. No. 168.
[3] R. Doc. No. 171. Defendants filed no opposition to Holmes' objections to defendants' trial exhibits. However, pursuant to this Court's April 26, 2023 order, R. Doc. No. 173, both Holmes and the defendants filed supplemental briefing on the issue of what effect, if any, Holmes' arrest for traffic-related charges has on his false arrest claims. *See* R. Doc. Nos. 174 (Holmes' memorandum) and 176 (defendants' memorandum).
[4] R. Doc. No. 97 (vacated and remanded by the Fifth Circuit in *Holmes v. Reddoch*, No. 21-30164, 2021 WL 5913297, at *1 (5th Cir. Dec. 14, 2021)).

and its order granting reconsideration of Holmes' motion to lift a previous stay of this action.[5] It therefore assumes familiarity with the background of this litigation.

## II.   LAW & ANALYSIS

### a.   Motion *in Limine*

Holmes' motion *in limine* first urges this Court to exclude evidence pertaining to outstanding arrest warrants for traffic violations pursuant to Federal Rules of Evidence 402 and 403 on the grounds that such evidence is irrelevant and "can only prejudice Holmes and confuse and mislead the jury."[6] Holmes notes that Reddoch only became aware of the traffic-related arrest warrants *after* arresting Holmes pursuant to La. Stat. Ann. § 14:108 for resisting arrest. Because, Holmes urges, the only arrest that is relevant to this action is Holmes' arrest for resisting arrest,[7] evidence pertaining to his traffic-related arrest warrants is irrelevant, will confuse and mislead the jury, and will unfairly prejudice Holmes.

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is admissible unless otherwise provided by the United States Constitution, a federal statute, another Federal Rule of Evidence, or another rule prescribed by the U.S. Supreme Court." *Marine Power Holding, L.L.C. v. Malibu Boats, LLC*, No. 14-912, 2016 WL 4010978,

---

[5] R. Doc. Nos. 97 and 127.
[6] R. Doc. No. 169-1, at 3.
[7] *Id.* at 2.

2

at *1 (E.D. La. July 27, 2016) (Africk, J.) (citing Fed. R. Evid. 402). Further, "the [relevance] bar is low[.]" *Hicks-Fields v. Harris Cnty., Tex.*, 860 F.3d 803, 809 (5th Cir. 2017).

Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[T]o warrant exclusion, the danger of unfair prejudice—on this ground or any other—must *substantially* outweigh the probative value of the evidence. Accordingly, [the Fifth Circuit has] recognized that Rule 403's scope is narrow." *United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007) (emphasis in original). The purpose of Federal Rule of Evidence 403 is to "prevent evidence from inducing decision on a purely emotional basis" and to "exclud[e] matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Id.* at 354 (internal citations omitted).

As stated, Holmes claims that the only arrest at issue in this action is his arrest for resisting arrest.[8] Indeed, Holmes asserts that there were two separate arrests. The first arrest occurred "[w]hen Reddoch stopped Holmes, grabbed him, threw him to the ground, handcuffed him, and prevented Holmes from leaving[.]"[9] The second, Holmes asserts, was after the Plaquemines Parish Sheriff's Deputies ran an identification check on Holmes and determined that he had outstanding warrants for

---

[8] R. Doc. No. 169-1, at 2; *see* R. Doc. No. 68-3, at 1.
[9] R. Doc. No. 169-1, at 2.

traffic-related offenses.[10] Holmes argues that the second arrest is irrelevant to this action because courts "consider only what the officers knew at the time of their challenged conduct[.]" *Cole v. Carson*, 935 F.3d 444, 456 (5th Cir. 2019) (en banc). Here, as alleged by Holmes, the challenged conduct is his detention, his arrest for resisting arrest, the use of excessive force in effecting the arrest, and Reddoch and Hebert's retaliation for Holmes' protected speech.

Nonetheless, the Court finds that the evidence pertaining to Holmes' traffic-related arrest warrants is relevant. As the defendants note in their opposition to Holmes' motion, the warrants are relevant and admissible as to the issue of damages.[11] While "the later discovery of [] arrest warrant[s] for [Holmes] does not defeat a false arrest claim, . . . it may shorten the period of unprivileged confinement and thus reduce any damages." *Woods v. City of Syracuse*, No. 15-027, 2017 WL 11567919, at *7 (N.D.N.Y. Feb. 1, 2017). Accordingly, Holmes' arrest warrants for traffic-related offenses are relevant to the issue of the extent of Holmes' damages, as their discovery provides the jury with a timeframe in which Holmes alleges he was held in violation of his Fourth Amendment rights.

The Court further finds that the probative value of the evidence pertaining to the traffic-related arrest warrants is not substantially outweighed by the risk that introduction of said evidence could confuse or mislead the jury or unfairly prejudice Holmes. As Holmes frames this action, there are two separate arrests; the first arrest

---

[10] *Id.*
[11] R. Doc. No. 171, at 3.

he alleges was without probable cause, and the second arrest was based upon his outstanding traffic-related warrants. The Court finds that the risk that the evidence pertaining to the latter arrest will confuse or mislead the jury or unfairly prejudice Holmes does not "*substantially* outweigh the probative value of the evidence" with respect to the issue of damages. *Fields*, 483 F.3d at 354 (emphasis in original). Accordingly, Holmes' motion *in limine* to exclude evidence relating to his traffic-related offenses will be denied. Upon counsel's request, a limiting instruction will be communicated to the jury.

Holmes' motion *in limine* also urges this Court to exclude testimony by unidentified witnesses who are all minors. As the Court ordered defendants to provide Holmes' counsel with a list of the names of the children the defendants will or may call as witnesses on April 26, 2023[12], Holmes' request to exclude testimony by unidentified children will be dismissed as moot.

### b. Objections to Defendants' Exhibits

Holmes' first objection, regarding evidence of Holmes' alleged prior bad acts, was raised in a prior motion[13] *in limine* which this Court granted as unopposed in favor of Holmes on April 4, 2023.[14] The Court will accordingly dismiss Holmes' first objection as moot.

---

[12] R. Doc. No. 173, at 2.
[13] R. Doc. No. 152.
[14] R. Doc. No. 156, at 2.

Holmes' third objection pertains to testimony by unidentified witnesses. As the only unidentified witnesses Holmes specifies in his objection are the unidentified children,[15] the Court will dismiss Holmes' third objection as moot for the reason discussed previously. If, during trial, defendants seek to utilize testimony by witnesses who were not disclosed pursuant to this Court's scheduling order[16] and Federal Rule of Civil Procedure 26, Holmes may reurge this objection at that time.

Holmes' second, fourth, fifth, and sixth objections pertain to exhibits that have not been provided to this Court[17] and, therefore, this Court cannot determine the admissibility of the exhibits. The Court will deny these objections, reserving to Holmes the right to reurge these objections at trial.

Holmes' seventh objection relates to defendants' evidence pertaining to Holmes' traffic-related offenses and warrants and is the subject of Holmes' motion *in limine* which the Court has denied. Accordingly, Holmes' seventh objection is denied.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Holmes' motion *in limine* to exclude certain evidence is **DENIED** in part and **DISMISSED AS MOOT** in part. To the extent Holmes'

---

[15] R. Doc. No. 168, at 1 ("[Holmes] will move to strike those witnesses for which discovery responses were not provided. Defendants, in their pretrial orders, have referenced children who were not completely identified or allowed to be deposed.").
[16] R. Doc. No. 129.
[17] *See, e.g.*, R. Doc. No. 168 at 1–2 ("A complete copy of Plaquemines Parish Sheriff's Office Item No. 18-09509 and all statements, photographs, or attachments thereto"; "Plaintiff may object to all or some of the deposition testimony of Lisa Toca").

motion seeks to exclude evidence pertaining to his traffic violations and related arrest warrants, his motion is **DENIED**. To the extent Holmes' motion seeks to exclude evidence pertaining to the testimony of unidentified children, it is **DISMISSED AS MOOT**, as the Court has previously ordered[18] defendants provide counsel for Holmes with a list of the names of the children the defendants will or may call as witnesses.

**IT IS FURTHER ORDERED** that Holmes' first objection to defendants' exhibits is **DISMISSED AS MOOT**, as the Court granted[19] as unopposed a motion *in limine* seeking to exclude this evidence on April 4, 2023.

**IT IS FURTHER ORDERED** that Holmes' third objection to defendants' exhibits is **DISMISSED AS MOOT**, as the Court has previously ordered[20] defendants provide counsel for Holmes with a list of the names of the children the defendants will or may call as witnesses. As stated, if defendants seek to utilize testimony by witnesses at trial who were not disclosed pursuant to this Court's scheduling order and Federal Rule of Civil Procedure 26, Holmes may reurge this objection at that time.

**IT IS FURTHER ORDERED** that Holmes' second, fourth, fifth, and sixth objections to defendants' exhibits are hereby **DENIED**, reserving to Holmes the right to reurge these objections at trial.

**IT IS FURTHER ORDERED** that Holmes' seventh objection to defendants'

---

[18] R. Doc. No. 173, at 2.
[19] R. Doc. No. 156, at 2.
[20] R. Doc. No. 173, at 2.

exhibits is **DENIED** as the Court has denied Holmes' motion *in limine* requesting exclusion of the evidence that is the subject of Holmes' seventh objection.

New Orleans, Louisiana, May 3, 2023.

                                                                    **LANCE M. AFRICK**
                                                **UNITED STATES DISTRICT JUDGE**