UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL R. HOLMES     CIVIL ACTION

VERSUS     No. 19-12749

CORBETT REDDOCH, ET AL.     SECTION I

## ORDER

Before the Court is plaintiff Michael R. Holmes' ("Holmes") motion[1] pursuant to Federal Rule of Civil Procedure 59 for reconsideration of this Court's denial[2] of Holmes' motion[3] *in limine* to exclude evidence of his traffic violations and related attachments.

"Although the Fifth Circuit has noted that the Federal Rules 'do not recognize a "motion for reconsideration" in *haec verba*,' it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b)." *United States v. Martin*, No. 17-179, 2022 WL 2986579, at *2 (E.D. La. July 28, 2022) (Brown, C.J.) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). "The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment." *Castrillo v. Am. Home Mortgage Servicing Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citations omitted).

---

[1] R. Doc. No. 212.
[2] R. Doc. No. 180.
[3] R. Doc. No. 169.

Pursuant to Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

"A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; [or], (4) the motion is justified by an intervening change in the controlling law." *Jupiter v. BellSouth Telecomms., Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.) (internal quotation marks omitted). "A manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 293 (5th Cir. 2019) (quotation and citations omitted).

Holmes' motion for reconsideration makes no argument as to, nor provides any evidence to substantiate, any of the four avenues to prevail on a Rule 59(e) motion.

Holmes merely rehashes the arguments he made in his motion *in limine* and asserts that the evidence pertaining to his charged traffic-related offenses and attachments is not relevant because the timeframe in which Holmes alleges he was held in violation of his Fourth Amendment rights is "not in dispute."[4] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Fairway Vill. Condominiums v. Indep. Specialty Ins. Co.*, No. 22-2022, 2023 WL 2663087, at *1 (E.D. La. Mar. 28, 2023) (Brown, C.J.). Holmes' motion is therefore appropriately denied as lacking an independent reason for reconsideration.

As the Court finds that Holmes has not demonstrated a manifest error of law or fact, new evidence, that reconsideration is necessary in order to prevent manifest injustice, or the existence of an intervening change in the controlling law, *Jupiter*, 1999 WL 796218, at *1, the Court will deny Holmes' motion for reconsideration.

---

[4] R. Doc. No. 212-1, at 1. Defendants have not had the opportunity to oppose Holmes' motion for reconsideration, as it has been filed less than one full working day before trial, and the Court consequently cannot determine whether Holmes' assertion that there is no dispute as to the relevant timeframe is accurate. The Court further notes that while Holmes states that he "does not complain of his detention while being transported to the jail or his detention in the jail" and "does not allege that he was mistreated while being transported to the jail or while in the jail[,]" *id.* at 1–2, Holmes does maintain Louisiana state law claims for false arrest or **imprisonment** and intentional infliction of emotional distress, Holmes has not asked the Court to instruct the jury not to consider any events that occurred after he was arrested (for example, his transportation to and detention at the jail) when awarding damages, nor has he indicated that he would agree to such an instruction. Furthermore, on the record presented, the Court cannot state with any degree of certainty that some portion of Holmes' requested mental anguish damages could not have resulted from his arrest for outstanding traffic attachments.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Holmes' motion for reconsideration is **DENIED**.

New Orleans, Louisiana, May 12, 2023.

                                      **LANCE M. AFRICK**
                              **UNITED STATES DISTRICT JUDGE**