UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL R. HOLMES**                                          **CIVIL ACTION**

**VERSUS**                                                              **No. 19-12749**

**CORBETT REDDOCH, ET AL.**                              **SECTION I**

### ORDER

Before the Court is a motion[1] for a new trial filed by defendants Corbett Reddoch ("Reddoch"), Ryan Hebert ("Hebert"), and Sheriff Gerald A. Turlich, Jr., in his official capacity as Sheriff of Plaquemines Parish (collectively, "defendants"). Plaintiff Michael R. Holmes opposes the motion.[2] For the reasons discussed below, the Court will deny defendants' motion for a new trial.

### I. BACKGROUND

The Court assumes familiarity with the facts underlying this action. On May 17, 2023, after a three-day trial, the jury found that defendant Reddoch had (1) unreasonably arrested Holmes in violation of the Fourth Amendment, (2) committed the Louisiana state law tort of battery upon Holmes, (3) committed the Louisiana state law tort of false arrest or imprisonment against Holmes, and (4) committed the Louisiana state law tort of malicious prosecution against Holmes.[3] The jury awarded Holmes compensatory damages of $4,200.00 for past medical expenses; $50,000.00 for past and future pain and suffering, mental anguish, loss of enjoyment of life, and

---

[1] R. Doc. No. 224.
[2] R. Doc. No. 226.
[3] R. Doc. No. 219. The jury found Hebert not liable as to any count. *Id.*

disability; and $3,500.00 for expenses and costs arising from his legal defense in the state criminal action filed against him for resisting arrest.[4] The jury also awarded Holmes $65,000.00 in punitive damages for Reddoch's violation of Holmes' Fourth Amendment right to be free from unreasonable arrest.[5] Defendants filed the instant motion for a new trial on May 25, 2023.[6]

## II. STANDARDS OF LAW

### a. Federal Rule of Civil Procedure 49

Rule 49 "contemplates two types of jury verdicts: special verdicts pursuant to Rule 49(a) and general verdicts with answers to written questions pursuant to Rule 49(b)." *Team Contractors, L.L.C. v. Waypoint NOLA, L.L.C.*, No. 16-1131, 2018 WL 4252553, at *3 (E.D. La. Sept. 6, 2018) (Morgan, J.) ("*Team I*").[7] As the Fifth Circuit

---

[4] *Id.* at 11.
[5] *Id.* at 13.
[6] R. Doc. No. 224.
[7] The Fifth Circuit discussed the difference between special and general verdicts in *Team Contractors, L.L.C. v. Waypoint Nola, L.L.C.*, 976 F.3d 509, 517 (5th Cir. 2020) ("*Team II*"):
> A special verdict is to be stated "in the form of a special written finding on each issue of fact." [Fed. R. Civ. P.] 49(a)(1). For general verdicts, Rule 49(b) says that the form should allow jurors both to state who won and answer questions that require applying law to the facts. If the form satisfies Rule 49(b) except for not stating that the jury finds for one party, it can still be a general verdict. Such a verdict form would not fully comply with Rule 49(b), but it would be an even worse fit for Rule 49(a).

However, as the Court finds the jury's verdict is not inconsistent, discussed *infra*, it need not reach the question of whether the jury's verdict was a special verdict or general verdict, or whether defendants waived their objections to any inconsistencies in the verdict. *See* R. Doc. No. 224-1, at 1–2.

noted in *Team II*, "[t]he verdict category determines how inconsistencies among the answers must be raised." *Team II*, 976 F.3d at 514. However, whether pursuant to Rule 49(a) or to 49(b), the Court's analysis when determining if a new trial is necessary includes determining if the jury's verdict was in fact inconsistent.

The Fifth Circuit has "observed that '[i]f answers to jury interrogatories are in irreconcilable conflict, then the judge has no authority to enter judgment based upon those answers[.]'" *Moss v. Princip*, 913 F.3d 508, 521 (5th Cir. 2019) (quoting *Brunner v. Maritime Overseas Corp.*, 779 F.2d 296, 297–98 (5th Cir. 1986)). Thus, the Court's Rule 49 analysis requires it to "assess whether the jury's answers to the Rule 49 submissions were in irreconcilable conflict." *Team I*, 2018 WL 4252553, at *3. As a general matter, whether the jury's verdict is inconsistent is a determination for the Court. *See Team I*, 2018 WL 4252553, at *4 ("'The test for determining whether jury answers to special verdicts are inconsistent is . . . whether the [jury's] answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted.'") (quoting *Mercer v. Long Mfg. N. C., Inc.*, 665 F.2d 61, 65 (5th Cir. 1982)); *Brunner*, 779 F.2d at 297 ("The consideration of this issue would have been better served if appellants had made their objection at least at the time that the jury returned its verdict *so that the court could evaluate whether or not it was inconsistent and could have sent it back to the jury to reconsider*.") (emphasis added); *cf. Stancill v. McKenzie Tank Lines, Inc.*, 497 F.2d 529, 533–34 (5th Cir. 1974) ("But in determining whether Rule 49(b) requires a new trial in this case, a number of serious

3

questions arise, not the least of which is whether an 'inconsistency' exists at all. *The answers are not inconsistent as a matter of logic*[.]") (emphasis added).

### b. Federal Rule of Civil Procedure 59

Pursuant to Rule 59(a), a district court may grant a new trial "on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a). Rule 59 does not specify the grounds on which a district court may grant a new trial. However, the Fifth Circuit has instructed that "[a] district court may also grant a new trial when the jury's verdict is logically inconsistent if, after viewing the evidence in the light most favorable to a finding of consistency, reconciliation is impossible." *Vargas v. Manson Gulf, LLC*, 439 F. Supp. 3d 809, 813 (E.D. La. 2020) (Ashe, J.) (citing *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 343 (5th Cir. 2001), and *Willard v. The John Hayward*, 577 F.2d 1009, 1011 (5th Cir. 1978)).

Whether to grant or deny a motion for a new trial pursuant to Rule 59(a) is committed to the "sound discretion of the district court, but that discretion is tempered by the deference due to a jury." *Babin v. Plaquemines Par.*, No. 18-7378, 2020 WL 7318079, at *6 (E.D. La. Dec. 11, 2020) (Vitter, J.) (citing *Foradori v. Harris*, 523 F.3d 477, 504 (5th Cir. 2008), and *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989)). The Court's discretion "is even broader when the district court denies, rather than grants, a motion for new trial." *Babin*, 2020 WL 7318079, at *6 (citing *Cates v. Creamer*, 431 F.3d 456, 460 (5th Cir. 2005)).

### III.    ANALYSIS

In their motion for a new trial, defendants argue that the "[j]ury's verdict on [Holmes'] false arrest claim is internally inconsistent, inconsistent with the instructions given to the jury, and inconsistent with the law."[8] Since "[t]he inconsistency is irreconcilable[,]"[9] as further asserted by the defendants, the Court should not enter judgment on this claim and should order a new trial pursuant to Rule 49[10] or Rule 59[11] of the Federal Rules of Civil Procedure. Holmes opposes defendants' motion as, Holmes asserts, the jury's verdict was not inconsistent, and even if it were, the Court is obligated to reconcile any inconsistent answers, if possible, to validate the jury's verdict.[12] Accordingly, the issue the Court must first address when considering whether to grant a new trial pursuant to either Rule 49 or Rule 59(a) is whether the jury's verdict as to Holmes' unreasonable arrest claim was inconsistent with the jury's verdict as to Holmes' unreasonable stop claim, with the law, or with the Court's instructions.

The Court is not persuaded that the jury's verdict finding Reddoch not liable for violating Holmes' Fourth Amendment right to be free from an unreasonable stop, but finding Reddoch liable for violating Holmes' Fourth Amendment right to be free from an unreasonable arrest, is inconsistent. First, despite defendants' assertion that

---

[8] *Id.* at 1.
[9] *Id.*
[10] *Id.* at 1–9.
[11] *Id.* at 10–11.
[12] R. Doc. No. 226.

the jury "found that Deputy Reddoch's detention of [Holmes] was reasonable under the law[,]"[13] the jury did not so find. The jury instead found that Holmes proved by a preponderance of the evidence that Reddoch "unreasonably stopped Holmes in violation of the Fourth Amendment . . . ."[14] However, the jury also found that Holmes did not prove by a preponderance of the evidence that Reddoch was not entitled to qualified immunity.[15] Thus, Reddoch was not liable for the violation of Holmes' right to be free from an unreasonable stop on the basis of qualified immunity, not because the jury found his conduct to be lawful.

Second, even if the jury had instead found that Reddoch had *not* unreasonably stopped Holmes, there is no logical or legal "irreconcilable" inconsistency between finding that a stop was not unreasonable and simultaneously finding that an arrest was. Defendants are incorrect in their assertion that, "[i]f [Reddoch's] stop [of Holmes] was reasonable, then the subsequent arrest of [Holmes] for refusing to produce I.D. or make his identity known to Deputy Reddoch and on two valid outstanding warrants was lawful."[16]

Violations of a person's right to be free from unreasonable stops and right to be free from unreasonable arrests are two entirely separate causes of action with

---

[13] *Id.* at 6.
[14] R. Doc. No. 219, at 2 (jury verdict form question 1(a), to which the jury answered "yes").
[15] *Id.* (jury verdict form question 1(b), to which the jury answered "no").
[16] R. Doc. No 244-1, at 4–5.

6

different standards. The Fifth Circuit's opinion in *United States v. Abdo* clarifies the relationship between Fourth Amendment stops and arrests:

> Police may detain a suspect and briefly investigate when they have reasonable suspicion, based on specific and articulable facts and rational inferences, that justifies the intrusion. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). This standard is less stringent than the probable cause standard required for a full arrest. *See United States v. Sanders*, 994 F.2d 200, 203 (5th Cir. 1993). "Whether a detention is an arrest or merely a *Terry*-stop depends on the 'reasonableness' of the intrusion under all the facts." *United States v. Martinez*, 808 F.2d 1050, 1053 (5th Cir. 1987).

733 F.3d 562, 565 (5th Cir. 2013); *see also United States v. Vickers*, 540 F.3d 356, 361 (5th Cir. 2008) ("Reasonable suspicion requires less information and certainty than the probable cause needed to make an arrest.").

The Fifth Circuit has recognized the fact that Fourth Amendment unreasonable stop and unreasonable arrest claims are separate causes of action. In *United States v. Zavala*, the Fifth Circuit determined that, while Drug Enforcement Administration agents had a reasonable suspicion that drug trafficking activity was occurring sufficient to lawfully stop the defendant, "they did not have probable cause to arrest [the defendant] and charge him with a crime." 541 F.3d 562, 575–76 (5th Cir. 2008). The Fifth Circuit accordingly found that the district court erred in denying the defendant's motion to suppress information gathered from a post-arrest search of his cell phone because he was not lawfully arrested and "[t]he exclusionary rule prohibits the introduction of testimony concerning knowledge acquired during an unlawful search." *Id.* at 582; *see also Brown v. Bryan Cnty., Okl.*, 67 F.3d 1174, 1180

7

(5th Cir. 1995) ("Assuming *arguendo* that the deputies had a reasonable suspicion to perform an investigatory stop, we nevertheless find the evidence sufficient to support the jury's finding that Burns did not have probable cause to arrest Mrs. Brown, and that his doing so violated her constitutional right to be free from false arrest"), *vacated on other grounds sub nom. Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997).

The Court's instructions to the jury reflect the distinction between a claim for an unreasonable stop and a claim for an unreasonable arrest. Regarding Holmes' Fourth Amendment claim for unreasonable stop, the Court instructed the jury as follows:

> A stop such as the one involved in this case is considered unreasonable under the Fourth Amendment if the officer lacked reasonable suspicion that the stopped person is committing, has committed, or is about to commit a crime.[17] "Reasonable suspicion" means the officer can point to specific and articulable facts that reasonably warrant the inference that a particular person is committing, has committed, or is about to commit a crime.[18] . . . .
>
> If you find that Holmes has proved by a preponderance of the evidence that Reddoch lacked reasonable suspicion to stop Holmes on September 23, 2018, then Reddoch violated Holmes' constitutional right to be free from an unreasonable stop and you must then consider whether Reddoch is entitled to qualified immunity[.][19]

---

[17] *United States v. Roper*, 63 F.4th 473, 478 (5th Cir. 2023) ("reasonable suspicion exists if the officer 'can point to specific and articulable facts' supporting a reasonable belief 'that a particular person has committed, is committing, or is about to commit a crime[.]'") (internal citation omitted); *see also Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 208–09 (5th Cir. 2009) (citing *Terry*, 392 U.S. 1).
[18] *Roper*, 63 F.4th at 478.
[19] R. Doc. No. 220, at 25–27.

8

Regarding Holmes' Fourth Amendment claim for unreasonable arrest, the Court instructed the jury as follows:

> A warrantless arrest such as the one involved in this case is considered unreasonable under the Fourth Amendment when, at the moment of the arrest, there is no probable cause for the defendant to reasonably believe a particular person has committed, is committing, or is about to commit an offense.[20] . . . .
>
> If you find that Holmes has proved by a preponderance of the evidence that Reddoch lacked probable cause to make the arrest on September 23, 2018, then Reddoch violated Holmes' constitutional right to be free from unreasonable arrest and you must then consider whether Reddoch is entitled to qualified immunity[.][21]

The Court's instructions to the jury appropriately treat a Fourth Amendment claim for an unreasonable stop as separate from a Fourth Amendment claim for an unreasonable arrest. The Court's instructions also provide the relevant standard for each claim—reasonable suspicion for unreasonable stops and probable cause for unreasonable arrests.

In other words, the Court properly instructed the jury that, in order to establish a claim for an unreasonable stop, Holmes had to prove by a preponderance of the evidence that Reddoch lacked *reasonable suspicion to stop* Holmes, and to establish a claim for an unreasonable arrest, Holmes had to prove by a preponderance of the evidence that Reddoch lacked *probable cause to arrest* Holmes. The Court properly did *not* instruct the jury that the existence of reasonable suspicion for a stop

---

[20] *Roper*, 63 F.4th at 478; *see also Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).
[21] R. Doc. No. 220, at 28, 31.

guarantees the existence of probable cause for arrest, because the two claims are independent.

Finally, defendants also argue that the jury's verdict finding Reddoch liable for an unreasonable arrest of Holmes was inconsistent with Louisiana law, as well as with the Court's instructions. As part of the Court's instructions to the jury on Holmes' unreasonable arrest claim, the Court provided instructions with respect to the crime for which Holmes was arrested—resisting arrest, pursuant to La. Stat. Ann. § 14:108:

> La. Stat. Ann. § 14:108 . . . makes it a crime to resist an officer. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful stop, . . . when the offender knows or has reason to know that the person arresting, stopping, seizing property, or serving process is acting in his official capacity.[22] In the context of resisting an officer, the phrase "obstruction of" includes, among other things:
>
> 1. Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest;
>
> 2. Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail; or
>
> 3. Refusal by the arrested or stopped party to give his name and make his identity known to the arresting or detaining officer or providing false information regarding the identity of such party to the officer.[23]

---

[22] La. Stat. Ann. § 14:108(A).
[23] *Id.* (B)(1)(a)–(c).

Defendants assert that, "[Holmes] knew that Deputy Reddoch was a law enforcement officer acting in his official capacity and nonetheless resisted and interfered with Deputy Reddoch's investigation and refused to provide I.D. or to make his identity known to Deputy Reddoch in direct criminal violation of La. R.S. 14:108[.]"[24] Therefore, defendants assert that Reddoch's arrest of Holmes was "supported by probable cause and [was] lawful[,]"[25] and the jury's verdict finding Reddoch liable for an unlawful arrest is inconsistent with the law and with the Court's instructions.

However, "it is the function of the jury as the traditional finder of fact[], and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses." *Delano-Pyle v. Victoria Cnty., Tex.*, 302 F.3d 567, 572 (5th Cir. 2002). As the finder of fact in this case, the jury was empowered to weigh the evidence and determine that Holmes did not resist arrest—either physically or by asking "why" Reddoch was stopping him and asking for his identification. The defendants may disagree with this finding, but that disagreement does not render the jury's verdict inconsistent.

Despite defendants' arguments to the contrary, Court finds the jury's verdict is not internally inconsistent, inconsistent with the law, or inconsistent with the

---

[24] R. Doc. No. 224-1, at 7.
[25] *Id.*

11

Court's instructions. In light of this finding,[26] and in light of "the deference due to a jury[,]" *Babin*, 2020 WL 7318079, at *6, the Court will deny defendants' motion for a new trial pursuant to Rule 49 and Rule 59.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that defendants' motion for a new trial is **DENIED**.

New Orleans, Louisiana, June 8, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[26] As the Court finds the jury's verdict is not inconsistent, it need not reach Holmes' argument pertaining to the duty of the Court to attempt to reconcile the jury's findings. *See* R. Doc. No. 226, at 9–10.