UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL R. HOLMES** | **CIVIL ACTION** |
| **VERSUS** | **No. 19-12749** |
| **CORBETT REDDOCH ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] to stay the execution of the money judgment dated June 12, 2023 pending appeal and without the requirement of posting a bond pursuant to Federal Rule of Civil Procedure 62(d), filed by defendants Corbett Reddoch ("Reddoch") and Gerald A. Turlich, Jr. ("Sheriff Turlich") (collectively, "defendants"). The plaintiff, Michael R. Holmes ("Holmes"), opposes[2] the motion. For the reasons below, the Court defers ruling on the motion and orders defendants to submit supplemental evidence of their ability to respond to the judgment.

### I.    BACKGROUND

On May 17, 2023, following a three-day jury trial, the jury found Reddoch liable to Holmes for Fourth Amendment violations, state-law battery, state-law false arrest or imprisonment, and state-law malicious prosecution.[3] This Court then entered judgment[4] in Holmes' favor. The judgment included $57,700.00 as compensatory damages for Reddoch's violations of federal and Louisiana law and $65,000.00 in punitive damages for Reddoch's violation of federal law, for a total of $122,700.00 in

---

[1] R. Doc. No. 234.
[2] R. Doc. No. 235.
[3] R. Doc. No. 219 (jury verdict form).
[4] R. Doc. No. 230 (judgment).

damages.[5] The Court ordered that post-judgment interest for the federal claims for which Reddoch was found liable would "accrue from the date of entry of final judgment."[6] The Court ordered that pre-judgment interest for the Louisiana state-law claims for which Reddoch was found liable would "accrue from the date of judicial demand."[7] With the agreement of the parties, the Court deferred Holmes' request for attorney's fees and costs until a final judgment was entered.[8]

On June 26, 2023, defendants filed a notice of appeal.[9] Defendants now seek to stay execution of the judgment pending their appeal without the requirement of posting a supersedeas bond.

## II. STANDARD OF LAW

"Prior to 2018, an appellant seeking to stay execution of a monetary judgment pending appeal was required to post a supersedeas bond." *Fucich Contracting, Inc. v. Shread-Kuyrkendall & Assocs., Inc.*, No. 18-2885, 2023 WL 4201756, at *3 (E.D. La. June 27, 2023) (Ashe, J.) (citing *Gaddy v. Taylor Seidenbach, Inc.*, No. 19-12926, 2020 WL 815292, at *2 (E.D. La. Feb. 19, 2020) (Fallon, J.)). Following the 2018 amendments to Federal Rule of Civil Procedure 62, however, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond *or other security*." Fed. R. Civ. P. 62(b) (emphasis added).

---

[5] *Id.* at 1.
[6] *Id.* at 2.
[7] *Id.*
[8] *Id.*
[9] R. Doc. No. 231.

2

To protect the non-appealing party's rights, courts in the Fifth Circuit generally require some form of security—either a supersedeas bond or other means of securing the stay—before staying execution of a judgment pending appeal. *See Fucich*, 2023 WL 4201756, at *3 (citing *Faciane v. Petrochem Field Servs., Inc.*, No. 18-899, 2019 WL 2995871, at *2 (E.D. La. July 9, 2019) (Feldman, J.)). Pursuant to Local Rule 62.2, "[a] bond or other security staying execution of a money judgment must be in the amount of the judgment plus 20% of that amount to cover interest, costs, and any damages award, unless the court directs otherwise."

However, in certain limited circumstances, the Court "has the discretion to waive the bond or other security requirement." *Fucich*, 2023 WL 4201756, at *3 (citing *Faciane*, 2019 WL 4201756, at *2). "Waiver of the security requirement may be justified where (1) the 'judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal,' or (2) 'the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden.'" *Id.* (citing *Poplar Grove Planting & Refin. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). The moving party bears the burden of demonstrating the reasons why the Court should waive the security requirement. *Id.* (citing *Poplar Grove*, 600 F.2d at 1191).

As defendants point out, courts within the Fifth Circuit have relied on relevant factors set forth by the Seventh Circuit Court of Appeals in *Dillon v. City of Chicago*,

3

866 F.2d 902 (7th Cir. 1988) in conducting this analysis. *See, e.g., Dominick v. Barrere*, No. 12-497, 2015 WL 7756140 (M.D. La. Dec. 1, 2015); *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, No. 96-4023, 1998 WL 43140 (E.D. La. Feb. 3, 1998) (Clement, J.). These factors include: (1) "the complexity of the collection process;" (2) "the amount of time required to obtain judgment after it is affirmed on appeal;" (3) the degree of confidence that the district court has in the availability of funds to pay the judgment[;]" (4) "whether 'the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money[;]'" and (5) "whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position[.]" *Dillon*, 866 F.2d at 904–05 (citations omitted).

### III.   ANALYSIS

Defendants argue that this Court should grant a stay without requiring the posting of a supersedeas bond pursuant to the *Dillon* factors, particularly "whether 'the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money'" and "the complexity of the collection process."[10] Holmes argues that this Court should not grant such a stay because defendants have not objectively demonstrated "a present financial ability to facilely respond to a money judgment" pursuant to *Poplar Grove*.[11] Upon review, the Court agrees with Holmes.

---

[10] R. Doc. No. 234-1, at 2.
[11] R. Doc. No. 235, at 5.

In support of their argument that they are financially able to respond to the money judgment, defendants submit the affidavit[12] of Tracy LeDoux. Defendants suggest that this affidavit constitutes sufficient evidence of their ability to timely pay the judgment if their appeal is unsuccessful, and they make the conclusory assertion that the payment process is "not complex."[13]

The affidavit states that Ms. LeDoux is the "claims adjuster for the Plaquemines Parish Sheriff's Office through Sheriff Turlich."[14] The affidavit also states that Ms. LeDoux is "aware of the money judgment in this matter entered on June 12, 2023, against Sheriff Gerald A. Turlich, Jr., and the Plaquemines Parish Sheriff's Office Deputy Corbett Reddoch in the amount of $122,700.00."[15] Ms. LeDoux "attest[s] that the first $122,700.00 of this claim is fully insured" and that, "if the appeal of the judgment entered on June 12, 2023[] is unsuccessful, the first $122,700.00 will be satisfied."[16] Accordingly, defendants claim that their "ability to timely pay the judgment in the event their appeal is unsuccessful is so plain that the cost of a bond would be a waste of money[,]" which "would be paid through public funds."[17]

Defendants argue that Ms. LeDoux's affidavit is sufficient evidence of their ability to satisfy the money judgment based on two cases. First, defendants cite

---

[12] R. Doc. No. 234-3.
[13] R. Doc. No 234-1, at 2–4.
[14] R. Doc. No. 234-3, at 1.
[15] *Id.*
[16] *Id.* at 1–2.
[17] *Id.* at 4.

5

*Dominick v. Barrere*, 2015 WL 7756140, at *1. In that case, the district court granted the defendants' motion to stay proceedings pending appeal without defendants having to post a supersedeas bond based on the affidavit of the Louisiana State Risk Director. *Dominick*, 2015 WL 7756140, at *1. The affidavit stated that the defendants were "indemnified by the State of Louisiana for compensatory damages through the Self-Insurance Fund administered by [Louisiana's Office of Risk Management]." *Id.* at *2. If the judgment were upheld on appeal, payment would be made through the Self-Insurance Fund. *Id.* Because the judgment rendered against the defendants was relatively small—$5,000 in total[18]—and the Office of Risk Management provided liability limits of $5,000,000.00 per occurrence, which greatly exceeded the judgment, the court exercised its discretion to waive the supersedeas bond requirement. *Id.* at *3.

Second, defendants cite two of this Court's 2019 orders in a different case, *Arce v. Louisiana*, granting certain defendants' motions to stay the execution of the judgment pending their appeals without having to post a supersedeas bond.[19] In *Arce*, as proof of its ability to pay the judgment, the State of Louisiana submitted the affidavit of the State Risk Director and Director of the Office of Risk Management,

---

[18] M.D. La. Case No. 12-497, R. Doc. No. 152 (judgment).
[19] *Arce v. Louisiana*, No. 16-14003, 2019 WL 3554226 (E.D. La. Aug. 5, 2019) (Africk, J.) (order granting the State of Louisiana's motion to stay the execution of judgment pending appeal without obligation to post a supersedeas bond); *Arce v. Louisiana*, No. 16-14003, 2019 WL 4257246 (E.D. La. Sept. 9, 2019) (Africk, J.) (order granting the Jefferson Parish Sheriff's motion to stay the execution of judgment pending appeal without obligation to post a supersedeas bond).

who asserted that the state had $5,000,000.00 available to satisfy the judgment, which was "$61,643.18 plus applicable legal interest." *Arce*, 2019 WL 3554226, at *1–2. As proof of its ability to pay the judgment, the Jefferson Parish Sheriff submitted the affidavit of the Chief Financial Officer at the Jefferson Parish Sheriff's Office indicating that she was aware of a $20,698.00 judgment for attorney's fees against the Sheriff's Office and that the Sheriff's Office maintains a separate account to pay such judgments, which had a daily balance exceeding $1,000,000.00. *Arce*, 2019 WL 4257246, at *1–2.

Holmes responds that Ms. LeDoux's affidavit is insufficient to satisfy *Poplar Grove*.[20] Holmes points out that the affidavit speaks only to the *first* $122,700.00 of the judgment and says nothing regarding any amount available to cover "interest, cost[s], and any damages award, as required by Local Rule 62.2."[21] Holmes states that the pre-judgment interest in this case is $9,980.12 and that, as of August 29, 2023, the post-judgment interest—which continues to accrue—was at least $1,352.99.[22] Additionally, although the affidavit states that the first $122,700.00 of the claim is "fully insured,"[23] Holmes notes that defendants have not submitted an insurance policy, declarations page, or other proof of available insurance.[24]

---

[20] R. Doc. No. 235, at 2–6.
[21] *Id.* at 3.
[22] R. Doc. No. 235, at 3. Defendants did not file any reply addressing this point.
[23] R. Doc. No. 234-3, at 1.
[24] R. Doc. No. 235, at 6.

Holmes also distinguishes the motions for a stay without a supersedeas bond in *Arce* from the instant motion. Holmes notes that, in *Arce*, "the State of Louisiana provided security indicating that it could satisfy the judgment eighty times over" through an affidavit.[25] Similarly, Holmes observes that the Jefferson Parish Sheriff's Office demonstrated that its separate account used to satisfy judgments had a daily balance exceeding $1,000,000, when the judgment at issue involved only $61,643.18.[26]

An affidavit from an official like Ms. LeDoux stating that a governmental defendant is able to satisfy the judgment through an insurance policy can sometimes justify waiving the bond requirement. *See, e.g., Greater New Orleans Fair Hous. Action Ctr. v. St. Bernard Par.*, No. 06-7185, 2011 WL 346033, at *2 (E.D. La. Feb. 2, 2011) (Berrigan, J.) (granting motion to consider new evidence in support of a stay without bond where defendants supplied assurances that their insurance policy covered the judgment and established that the Parish had $20 million in unrestricted revenue available to satisfy the judgment).

However, as explained, the affidavit at issue in this case specifies that, "if the appeal of the judgment entered on June 12, 2023[] is unsuccessful, the *first* $122,700.00 will be satisfied."[27] The affidavit does not indicate that defendants will satisfy any interest or costs should their appeal prove unsuccessful, even though the

---

[25] R. Doc. No. 235, at 4.
[26] *Id.*
[27] *Id.* at 1–2 (emphasis added).

judgment specifically provides for pre-judgment interest pursuant to Louisiana law and post-judgment interest pursuant to federal law, and defers the determination of costs until after the final judgment. Holmes is therefore correct that the affidavit in this case is distinguishable from the affidavits in *Dominick*, *Arce*, and *Greater New Orleans*, all of which made clear that the defendants had significantly more than enough funds to satisfy the judgment.

The Court understands that the cost of a supersedeas bond can constitute a waste of taxpayer funds where there is no reason to question a governmental entity's financial stability and ability to pay the judgment. Ultimately, however, in light of Ms. LeDoux's specification that only the first $122,700 is insured, the fact that more than $10,000 in interest has already accrued, and the absence of any other evidence of defendants' ability to pay interest or costs, the Court is not satisfied that defendants have objectively demonstrated their present financial ability to facilely respond to the money judgment. *Poplar Grove*'s other ground for a waiver of a supersedeas bond does not apply since defendants have not indicated that their "present financial condition is such that the posting of a full bond would impose an undue financial burden." *Id.* at 1191. Accordingly, defendants have failed to "objectively demonstrate the reasons" why the court should waive the security requirement pursuant to *Poplar Grove* and *Dillon*.

### III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Court's ruling on defendants' motion to stay execution of the judgment without the requirement of posting a supersedeas bond is **DEFERRED**.

**IT IS FURTHER ORDERED** that defendants shall supplement the relevant affidavit with appropriate evidence of their ability to facilely respond to the judgment, including interest and costs, no later than **MONDAY, SEPTEMBER 25, 2023**. If defendants do not supplement the affidavit by that date, the Court will deny their motion.

**IT IS FURTHER ORDERED** that Holmes shall file any supplemental memorandum regarding the supplemental affidavit no later than **MONDAY, OCTOBER 2, 2023**. Defendants shall file any reply to such memorandum no later than **MONDAY, OCTOBER 9, 2023**.

New Orleans, Louisiana, September 13, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**